# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH FRANKLIN FEJERAN DRAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:13-cv-0961-TWP-DML |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## Entry Denying Defendant's Motion for Summary Judgment and Directing Further Proceedings

For the reasons explained in this Entry, Defendant United States of America's ("United States") Motion for Summary Judgment (Dkt. 65) must be **DENIED**.

## I. Background

The plaintiff in this action is Joseph Franklin Fejeran Drake ("Mr. Drake"), an inmate who is currently confined at the United States Penitentiary-Canaan, in Pennsylvania, but who at all relevant times was in custody at the Federal Correctional Complex in Terre Haute, Indiana ("FCC-TH"). Mr. Drake brings this claim against the United States pursuant to the Federal Tort Claims Act (the "FTCA") for an injury to his right arm that occurred at the FCC-TH. *See* 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, *et seq*. Mr. Drake alleges that he cut his arm on his bunk bed frame after slipping on his cell floor in the Special Housing Unit (the "SHU") on May 16, 2012, and that this injury was caused by staff at FCC-TH negligently placing and leaving him in an unsafe cell.

The United States seeks resolution of Mr. Drake's claim through the entry of summary judgment. Mr. Drake has opposed the motion for summary judgment.

## II. Summary Judgment Standard

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp*., 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007).

## III. Discussion

### A. Undisputed Facts

On the basis of the pleadings and the portions of the expanded record that comply with the requirements of Rule 56(c)(1), construed in a manner most favorable to Mr. Drake as the non-moving party, the following facts are undisputed for purposes of the motion for summary judgment:

As noted above, during all times relevant to this action, Mr. Drake was incarcerated at the FCC-TH. On May 16, 2012, Mr. Drake was on his hands and knees cleaning his cell floor using a

towel and shampoo. He stood up, slipped on the wet soapy floor, lost his balance, and his right forearm struck the bunk bed post frame. He cut himself on the cut-out area of the bed post frame which he describes as being "in the shape of a weapon, a homemade knife." The cut-out area was about 14 inches long, about 3 feet above the ground.

Mr. Drake had noticed the cut-out area of the frame immediately when he moved into his cell because it was spray painted a fluorescent orange color and because he had seen the orange paint used on other bed frames in prison cells. To him, the orange paint meant that there was a piece of metal missing from the bunk bed.

Mr. Drake was taken to FCC-TH Health Services, where he reported that he had fallen and cut himself on his bunk. A nurse cleaned a 4 inch cut on his right forearm with saline and put a bandage on the cut. The wound was not actively bleeding during the exam. Mr. Drake reported that the bunk was rusty and so he was given a tetanus immunization shot.

Mr. Drake submitted a notice of claim (No. TRT-NCR-2012-04163) which was received by the Federal Bureau of Prisons (the "BOP") Regional Office on May 25, 2012. His tort claim was denied on November 26, 2012. Mr. Drake filed a request for reconsideration on January 7, 2013, and that request was denied on January 23, 2013. This action was filed on June 14, 2013.

### B.  Legal Standards

Pursuant to the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The duty owed by the government is created by 18 U.S.C. § 4042, which provides, in relevant part, that the BOP shall "(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; [and] (3) provide for the protection, instruction,

and discipline of all persons charged with or convicted of offenses against the United States...." 18 U.S.C. § 4042(a)(2), (3).  State tort law of the state where the tort occurred, in this case Indiana, applies when determining "whether the duty was breached and whether the breach was the proximate cause of the plaintiff's injuries." *Parrott v. United States,* 536 F.3d 629, 637 (7th Cir. 2008). Section 4042 is "written in very general terms" and although it establishes a mandatory duty of care, it does not direct any particular conduct BOP personnel should engage in or avoid while fulfilling their duty to provide suitable quarters for and the safekeeping of inmates. *Id.*

Under Indiana law, a "plaintiff seeking damages for negligence must establish (1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty, and (3) an injury proximately caused by the breach of duty." *Kader v. State Dept. of Correction,* 1 N.E.3d 717, 727 (Ind.Ct.App. 2013). Under Indiana law, when a party is in custody, "the custodian has the duty to exercise reasonable care to preserve the life, health, and safety of the person in custody." *Sauders v. County of Steuben,* 693 N.E.2d 16, 18 (Ind. 1998). "The appropriate precautions will vary according to the facts and circumstances presented in each case." *Id.* The duty is to "take reasonable steps under the circumstances" to protect an inmate from harm. *Id.*

The undisputed facts in this case are that Mr. Drake was washing his cell floor with shampoo, stood up, lost his balance and fell, hitting and cutting his right forearm on a piece of metal on his bunk bed. Mr. Drake stated in his deposition that he had to use shampoo on the floor because the prison did not provide adequate cleaning supplies. (Dkt. 84-1, at p. 10). He also stated that he cleaned his cell floor because a weekly inspection was conducted by executive staff. (Dkt. 84-1, at p. 3).

Mr. Drake contends that prison staff were negligent by moving him to a cell that had a hazardous condition and by failing to repair the bunk bed, leaving a piece missing which resulted

in an exposed metal "cut-out area." He also argues that prison staff failed to provide sufficient cleaning supplies, which led to him using shampoo to clean the floor. Mr. Drake attached to his amended complaint a diagram of the bed frame. (*See* Dkt. 28-1).

The United States argues that it did not breach any duty of care. In addition, it contends that Mr. Drake's own negligence bars any recovery because he knew that the hole in the bed frame existed but used shampoo to clean his floor while in somewhat close proximity to the bed.

"[S]ummary judgment is generally inappropriate in negligence cases because issues of *contributory negligence*, causation, and reasonable care are more appropriately left for the trier of fact." *Lyons v. Richmond Community School Corp.,* 19 N.E.3d 254, 261 (Ind. 2014) (emphasis in original) (internal quotation omitted). To warrant summary judgment the defendant would have to show that Mr. Drake's alleged contributory negligence "was so clear and palpable that no verdict could make it otherwise." *Id.* at 262 (internal quotation omitted). "[N]egligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person, which is best applied by a jury after hearing all of the evidence." *Henderson v. Reid Hosp. and Healthcare Services,* 17 N.E.3d 311, 315 (Ind. Ct. App. 2014). Only if the material evidence negates one or more of the three elements of a negligence claim--duty, breach, causation--would summary judgment be appropriate. *Id.*

The threshold issue is whether the prison exercised reasonable care when it placed Mr. Drake in a cell with a broken metal bed frame and then did not repair the bed frame, leaving an exposed piece of sharp metal on one side of the bed. Mr. Drake did not have any choice as to where he lived in the prison and he could not avoid the bed entirely. Neither could Mr. Drake fix a broken metal frame. There is no evidence as to the purpose of the orange paint, how long it had been there, or what it signified within the prison system, all of which could have some bearing on the question

of whether the prison acted reasonably in relation to the broken bed frame. As to the issue of duty, a reasonable person could conclude that the existence of the sharp piece of metal on the bed, of which prison staff were aware, violated the prison's duty to provide a safe living environment. The Court cannot conclude as a matter of law based on this record that the United States did not breach its duty of care.

With respect to the contributory negligence defense, the United States appears to argue that because the bed frame was painted and Mr. Drake was thereby on notice, any injury that resulted from coming into contact with that piece of the bed frame was Mr. Drake's fault, no matter the circumstances. The United States specifically asserts that because he chose to clean his floor nearby with shampoo, no reasonable fact finder could find in Mr. Drake's favor. The Court disagrees. It is that type of determination that is best left to the fact-finder. The Court does not find that Mr. Drake's alleged contributory negligence "was so clear and palpable that no verdict could make it otherwise." *Lyons,* 19 N.E.3d at 262. For these reasons, the Court finds that this action cannot be decided as a matter of law and the defendant's motion for summary judgment (Dkt. 65) must be **DENIED.**

## IV. Further Proceedings

The Magistrate Judge is requested to set this matter for a telephonic status conference to discuss the further development and resolution of this action, whether by settlement or trial.

**IT IS SO ORDERED.**

Date: 3/13/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Joseph Franklin Fejeran Drake, No. 00886-093, USP Canaan, Inmate Mail/Parcels, P.O. BOX 300, Waymart, PA  18472

Magistrate Judge Debra McVicker Lynch

All electronically registered counsel