UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH FRANKLIN FEJERAN DRAKE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Defendant. ) | Case No. 1:13-cv-0961-TWP-DML |

**Entry on Motion to Exclude Evidence or Argument
Regarding Contributory Negligence**

The plaintiff's motion to exclude evidence or argument regarding alleged contributory negligence or comparative fault (Filing No. 102) and the defendant's response thereto have been considered. Contributory negligence is an affirmative defense which "a party must affirmatively state" in a responsive pleading. *See* Rule 8(c) of the *Federal Rules of Civil Procedure.* "[I]f a defendant does not raise defenses at the time of filing an answer, those defenses are deemed waived." *Castro v. Chicago Housing Authority,* 360 F.3d 721, 735 (7th Cir. 2004). A delay in raising an affirmative defense only results in waiver if the other party is prejudiced as a result. *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 632 (7th Cir. 2010); *Best v. City of Portland,* 554 F.3d 698, 700 (7th Cir. 2009) ("a delay in asserting an affirmative defense waives the defense only if the plaintiff was harmed as a result") (internal quotation omitted).

It is undisputed that the defendant failed to assert contributory negligence and comparative fault as affirmative defenses in its answer. The defendant argues that it should be allowed to press those defenses because the plaintiff has not been prejudiced by their omission from the answer.

"'[P]rejudice' is a reduction in the plaintiff's ability to meet the defense on the merits…." *Global Technology & Trading, Inc. v. Tech Mahindra Ltd.,* 789 F.3d 730, 732 (7th Cir. 2015).

"District judges have authority to authorize a litigant to assert an affirmative defense despite its omission from the answer." *Id.* at 733. In its motion for summary judgment, the defendant argued that the plaintiff's own negligence barred his recovery. The Court discussed the contributory negligence defense when it denied the defendant's motion for summary judgment and concluded that a fact-finder must decide the merits of that defense. (Filing No. 85 at 5-6.)

In this case, in its summary judgment brief, the defendant put the plaintiff on notice of the defenses it intended to use, even though it failed to assert them in the answer. (Filing No. 67.) Defendant's Memorandum in Support of Motion for Summary Judgment, (Filing No. 67 at 7-11.) The Court recognizes that the plaintiff was not represented by counsel at the time the motion for summary judgment was briefed, but to prohibit the defendant at this point in the litigation from relying on the defense that was briefed on summary judgment would prejudice the defendant more than allowing the defense would prejudice the plaintiff.

Here, the Court will exercise its discretion in allowing the defendant to assert its affirmative defenses of contributory negligence and comparative fault. The plaintiff's motion to exclude evidence or argument (Filing No. 102) is therefore **DENIED.**

**IT IS SO ORDERED.**

Date: 11/16/2015

*Tanya Walton Pratt*
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel